# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 23-1050                              September Term, 2024

USTC-5191-20

Filed On: October 2, 2024

Cory H. Smith,

        Appellant

    v.

Commissioner of Internal Revenue,

        Appellee

      **BEFORE:**    Pillard and Walker, Circuit Judges; and Ginsburg, Senior Circuit Judge

## O R D E R

Upon reconsideration of the motion for voluntary dismissal of No. 23-1050, the response thereto, and the reasons stated below, it is

**ORDERED** that the order denying the appellant's motion to dismiss the appeal be vacated. It is

**FURTHER ORDERED** that No. 23-1050 be dismissed. *See* FED. R. APP. P. 42(b).

Cory H. Smith appealed *pro se* from a Tax Court decision granting summary judgment to the Commissioner of Internal Revenue on a notice of deficiency. Smith disputed the IRS's taxing as income the value of housing his U.S. employer provided free of charge during Smith's employment at the Joint Defense Facility at Pine Gap in Alice Springs, Australia (Pine Gap), and he pressed various novel challenges to tax closing agreements he entered with the IRS regarding salary he earned in Australia. His closing agreements were based on a standard form the IRS developed in light of longstanding

1

treaties between the United States and Australia that apparently allow income of workers in Smith's situation to be taxed by both countries; a U.S. national may enter such a closing agreement to ensure that income he earns for work in Australia is subject to taxation in one country, but not both.  For several decades, the IRS and U.S. citizens working at Pine Gap have successfully used such closing agreements to ensure the Australian-earned income is subject to taxation only in the United States and not also in Australia.

Beginning in 2018, however, some U.S. taxpayers began filing tax returns or amended tax returns purporting to claim U.S. income tax exclusions—meant to offset the effect of foreign taxation—that they had waived in their closing agreements.  If valid, those exclusions would largely exempt the income from taxation in both the United States and Australia.  The IRS deemed the exclusions unavailable due to the closing agreements.  It accordingly issued notices of deficiency to Smith and about two dozen other Pine Gap employee-taxpayers claiming exclusions they had waived in closing agreements.

This case is the first of those challenges to reach this court on appeal from the Tax Court, which sustained taxation of the value of the employer-provided housing, enforced Smith's closing agreements, and denied his petition for redetermination of the deficiencies.  Several other cases currently before the Tax Court raise identical issues.  In view of Smith's *pro se* status, we appointed amicus to help with briefing.[1]

On July 7, 2024, after the close of briefing, Smith filed a one-sentence motion to voluntarily withdraw his appeal.  The motion did not explain why he sought dismissal.  The IRS opposed the motion, and we denied it.

At oral argument, newly retained counsel appeared for Smith to explain that he disavows all positions advanced in his briefing and renews his request for leave to dismiss the appeal.  Counsel confirmed that the positions argued in Smith's briefing, which are also advanced in several cases pending before the Tax Court, were proposed to Smith by John Anthony Castro, a tax preparer recently convicted of 33 counts of federal tax fraud. Press Release, Mansfield Tax Preparer Convicted of 33 Counts of Tax Fraud After Bench Trial, U.S. ATT'Y OFF., N.D. TEX. (May 24, 2024), https://www.justice.gov/usao-ndtx/pr/mansfield-tax-preparer-convicted-33-counts-tax-fraud-after-bench-trial  (noting that the defendant marketed himself to U.S. taxpayers around the world, including by "claiming to be an expert on certain tax issues related to Australian ex-pats," and advised clients to take nonexistent exclusions based on his interpretation of tax treaties between the United States and Australia).

---

[1] The court thanks court-appointed *amici curiae*, Samir Deger-Sen, Ben Harris, and Nikita Kansra of Latham & Watkins for submitting a brief *amicus curiae*, and Mr. Harris and Ms. Kansra for appearing before us.  We are grateful for their excellent service to the court.

In view of counsel's representations on the record, we have no basis to doubt the genuineness of Smith's decision to permanently abandon his appeal in its entirety. Counsel represented that Smith no longer believes that the positions Castro urged on him are legally sound, and he initially hesitated to dismiss the appeal only because he thought he was obligated to pursue it under his agreement to pay Castro half of the anticipated refund. Smith's counsel also clarified that the IRS has succeeded in recovering or retaining the taxes as to which Smith had claimed refunds and that he has paid all associated interest and penalties. We see no suggestion of manipulation or other misuse of voluntary dismissal. *Cf. Alvarado v. Corp. Cleaning Servs., Inc.*, 782 F.3d 365, 372-73 (7th Cir. 2015) (denying a motion to dismiss an appeal where there was a strong inference that plaintiffs were engaged in "strategic behavior" to avoid an adverse ruling).

The inescapable consequence of Smith's abandonment of his appeal is that there is no longer any active case or controversy for us to adjudicate. "[T]here is no Art. III case or controversy when the parties desire precisely the same result." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 383 (1980) (internal quotation marks omitted). Accordingly, we vacate our previous order denying Smith's motion to dismiss his appeal and, upon reconsideration, grant the motion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

          **FOR THE COURT:**
          Mark J. Langer, Clerk

BY:  /s/
       Daniel J. Reidy
       Deputy Clerk